# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# NEWARK DIVISION

| | |
|---|---|
| Gail Heinz<br><br>　　　Plaintiff,<br><br>v.<br><br>GC Services, LP<br><br>　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Hewitt, New Jersey at all times relevant to this action.

2. Defendant is a Texas limited partnership that maintained its principal place of business in Houston, Texas at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation allegedly owed to Credit One Bank, which had been incurred for personal rather than commercial purposes.

10. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) because Defendant has alleged that Plaintiff owes the debt.

12. On or around September 2, 2010, Plaintiff retained an attorney to file bankruptcy.

13. On or around November 26, 2010, Defendant's employee ("Russ") telephoned Plaintiff in connection with the collection of the debt.

14. During this communication, Plaintiff notified Russ that she had retained an attorney to file bankruptcy and provided her attorney's name and telephone number, and asked that Defendant no longer call her about the debt.

15. During this communication, Russ ignored this notice, made repeated demands for payment, and spoke to Plaintiff in a belligerent manner.

16. Despite knowledge that Plaintiff was represented by an attorney with respect to the debt, Defendant telephoned Plaintiff again on or around November 27, 2010 in connection with the collection of the debt.

17. Despite knowledge that Plaintiff was represented by an attorney with respect to the debt, Defendant telephoned Plaintiff again on or around November 28, 2010 in connection with the collection of the debt.

18. During this communication, Plaintiff reiterated that she had retained an attorney for bankruptcy and provided her attorney's name and telephone number.

19. During this communication, Defendant threatened that it could and would continue to call Plaintiff to collect the debt until Plaintiff paid the debt or sent Defendant an executed power of attorney form, despite the fact there is no such requirement under the law.

20. Defendant caused Plaintiff emotional distress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

23. In support hereof, Plaintiff incorporates paragraphs 12-19 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

25. In support hereof, Plaintiff incorporates paragraphs 17-19 as if specifically stated herein.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                Macey & Aleman,

                By: */s/ Alana M. Carrion*
                Alana M. Carrion
                17 Academy Street, Suite 610
                Newark, NJ 07102
                Tel: 1.888.303.0431
                axc@legalhelpers.com
                *Attorney for Plaintiff*